

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
ex rel. CAF PARTNERS and
CAF PARTNERS individually,

        Plaintiffs,

        v.

AMEDISYS, INC. and
ERNST & YOUNG, LLP,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

**FILED UNDER SEAL**
Civil Action No. 10-cv-2323

**FILED**

APR 2 3 2014

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

---

UNITED STATES OF AMERICA
ex rel. SHELBY L. UMBERHANDT,

        Plaintiff,

        v.

AMEDISYS, INC.,

        Defendant.

:
:
:
:
:
:
:
:
:
:

**FILED UNDER SEAL**
Civil Action No. 13-cv-2789

---

UNITED STATES OF AMERICA
ex rel. APRIL BROWN

        Plaintiffs,

        v.

AMEDISYS, INC., et al.

        Defendant.

:
:
:
:
:
:
:
:
:
:

**FILED UNDER SEAL**
Civil Action No. 13-cv-2803

UNITED STATES OF AMERICA :
ex rel. CHARLES H. LEWIS, JR., et al. :
:
        Plaintiffs, : **FILED UNDER SEAL**
: Civil Action No. 13-cv-3359
        v. :
:
AMEDISYS, INC., :
:
        Defendant. :

---

UNITED STATES OF AMERICA :
ex rel. ELLEN MAFFITT AND :
BRION FRIX :
:
        Plaintiffs, : **FILED UNDER SEAL**
: Civil Action No. 13-cv-3187
        v. :
:
AMEDISYS, INC., et al. :
:
        Defendant. :

---

UNITED STATES OF AMERICA :
ex rel. MARGARET OGNEN AND :
MALCOLM DULOCK, MD, :
:
        Plaintiffs, : **FILED UNDER SEAL**
: Civil Action No. 13-cv-4232
        v. :
:
AMEDISYS, INC., et al. :
:
        Defendant. :

---

## NOTIFICATION OF FULLY EXECUTED SETTLEMENT AGREEMENT

The United States hereby notifies the Court that the Settlement Agreement resolving the above-captioned cases has been fully executed and is attached hereto as Exhibit 1. Pursuant to the Court's Order of April 22, 2014, the seal is now lifted as to this Notice and all documents identified in that Order.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

GREGORY B. DAVID
ERIC D. GILL
Assistant United States Attorneys

STUART F. DELERY
Assistant Attorney General

/s/Lisa Katz Samuels
MICHAEL D. GRANSTON
SARA McLEAN
LISA KATZ SAMUELS
BRADLEY BRINKMAN
U.S. Department of Justice, Civil Division
Post Office Box 261, Ben Franklin Station
Date:   April 23, 2014       Washington, D.C. 20044

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing Notification of Fully Executed Settlement Agreement was sent by United States mail, postage prepaid, to the following counsel for Relators:

Brian P. Kenney, Esq.
M. Tavy Deming, Esq.
Emily C. Lambert, Esq.
Kenney & McCafferty
1787 Sentry Parkway West
Building 18, Suite 410
Blue Bell, PA 19422

Suzanne E. Durrell, Esq.
Durrell Law Office
180 Williams Avenue
Milton, MA 02186

Robert M. Thomas, Jr., Esq.
Thomas & Associates
280 Summer Street, 5th Floor
Boston, MA 02210-1131

Henry Froshin, Esq.
James F. Barger, Jr., Esq.
J. Elliott Walthall, Esq.
Froshin & Barger, LLC
3430 Independence Drive, #40
Birmingham, AL 35209

Kevin A. Doyle, Esq.
G. Melton Mobley, Esq.
Lokey, Mobley & Doyle LLP
8425 Dunwoody Place
Atlanta, GA 30350

G. Mark Simpson, Esq.
Simpson Law Firm, LLC
165 North Main St.
Jonesboro, GA 30236


Mary Donne Peters, Esq.
Michael J. Gorby, Esq.
Jeffrey D. Cooper, Esq.
Two Ravinia Drive
Suite 1500
Atlanta, Georgia  30346


William L. Hurlock, Esq.
Mueller Law LLC
363 Bloomfield Avenue
Suite 2-C
Montclair, New Jersey 07042


Because this action is under seal pursuant to 31 U.S.C. § 3729, et seq., defendants have

not been served with a copy of the foregoing.


GREGORY B. DAVID
Assistant United States Attorney

Date: April 23, 2014

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into among: (a) the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) (collectively, the "United States"); (b) Amedisys, Inc. and Amedisys Holding, LLC (collectively, "Amedisys"); and (c) April Nicole Brown, CAF Partners (including all individual partners of or other individuals associated with CAF Partners, each of whom individually and collectively agrees to this Agreement), Shelby L. Umberhandt, Natalie Raven, Christy Curtis, Ellen Maffit, Brion Frix, Margaret Ognen, Malcolm Dulock, MD, and Charles H. Lewis, Jr. (collectively, "Relators"), through their authorized representatives.  Hereafter, the United States, Amedisys, and Relators are collectively referred to as the "Parties."

## I. RECITALS

A.     Headquartered in Baton Rouge, Louisiana, Amedisys is a for-profit national company that provides home health care services, including nursing care and physical, speech, and occupational therapy, primarily for Medicare beneficiaries.

B.     Pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), certain persons have filed civil actions against Amedisys, at least some of which include allegations that are encompassed by the "Covered Conduct" referenced in Paragraphs I.D.1 through I.D.2.  The civil actions enumerated in Paragraphs I.B.1 through I.B.7 are collectively referred to as the "Civil Actions."

1. On January 22, 2010, April Nicole Brown filed a *qui tam* action in the United States District Court for the Northern District of Alabama, captioned *United*

*States ex rel. April Nicole Brown v. Amedisys, Inc., Amedisys Home Health, Inc. of Alabama*, original Civil Action Number CV-10-BE-0135-S (UNDER SEAL), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). Brown filed a First Amended Complaint on or about April 5, 2012.

2. On May 18, 2010, CAF Partners filed a *qui tam* action in the United States District Court for the Eastern District of Pennsylvania captioned *United States ex rel. CAF Partners and CAF Partners, individually v. Amedisys, Inc. and Ernst & Young, LLP,* Civil Action Number 2-10-cv-002323 (UNDER SEAL), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). CAF Partners filed a First Amended Complaint on or about October 27, 2010, a Second Amended Complaint on or about August 10, 2011, and a Third Amended Complaint on or about May 24, 2012.

3. On February 15, 2011, Shelby L. Umberhandt filed a *qui tam* action in the United States District Court for the Northern District of Georgia, captioned *United States ex rel. Shelby L. Umberhandt, Relator, and Shelby L. Umberhandt, Plaintiff, v. Amedisys, Inc.*, original Civil Action Number 4 11-CV-0041-HLM (UNDER SEAL), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). Umberhandt filed a First Amended Complaint on or about May 20, 2011.

4. On March 29, 2011, Natalie Raven and Christy Curtis filed a *qui tam* action in the United States District Court for the Northern District of Georgia, captioned *United States ex rel. Natalie Raven and Christy Curtis, State of Georgia ex rel. Natalie Raven and Christy Curtis v. Amedisys, Inc., et al.*, Civil Action Number 1 11-CV-0994 (UNDER SEAL), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), and the Georgia Taxpayer Protection False Claims Act, 23-3-120 to 23-3-

2

127, as amended GA L. 2013, p. 141. Raven and Curtis filed a First Amended

Complaint on or about November 13, 2012.

      5. On June 17, 2011, Ellen Maffit and Brion Frix filed a *qui tam* action in

the United States District Court for the Northern District of Georgia, captioned *United*

*States ex rel. Ellen Maffit and Brion Frix, State of Georgia ex rel. Ellen Maffit and*

*Brion Frix v. Amedisys, Inc.*, original Civil Action Number 1 11-CV-1976 (UNDER

SEAL), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b),

and the Georgia Taxpayer Protection False Claims Act, 23-3-120 to 23-3-127, as

amended GA L. 2013, p. 141.

      6. On July 22, 2011, Margaret Ognen and Malcolm Dulock, MD filed a

*qui tam* action in the United States District Court for the Northern District of Georgia,

captioned *United States ex rel. Margaret Ognen and Malcolm Dulock, MD v. Amedisys,*

*Inc., Amedisys Georgia, LLC, Amedisys Holding, LLC, Amedisys Hospice, LLC,*

*Amedisys Northwest, LLC, Northside Hospital, Inc. (d/b/a Northside Hospital –*

*Forsyth), Dr. Daulton E. Todd, Jr., Daulton E. Todd, Jr., M.D., P.C.*, original Civil

Action Number 1 11-CV-2421 (UNDER SEAL), pursuant to the *qui tam* provisions of

the False Claims Act, 31 U.S.C. § 3730(b). Ognen and Dulock filed a First Amended

Complaint on or about June 21, 2013, and a Second Amended Complaint on or about

April 18, 2014.

      7. On March 23, 2012, Charles H. Lewis, Jr. filed a *qui tam* action in the

United States District Court for the Western District of New York, captioned *United*

*States, State of California, State of Colorado, State of Connecticut, State of Delaware,*

*District of Columbia, State of Florida, State of Georgia, State of Illinois, State of*

3

*Indiana, State of Iowa, State of Louisiana, State of Maryland, Commonwealth of*

*Massachusetts, State of Minnesota, State of New Hampshire, State of New Jersey, State*

*of New Mexico, State of New York, State of North Carolina, State of Oklahoma, State of*

*Rhode Island, State of Tennessee, State of Texas, Commonwealth of Virginia, and the*

*State of Wisconsin, ex rel. Charles H. Lewis, Jr. vs. Amedisys, Inc.*, original Civil Action

Number 12 CV 0237 (UNDER SEAL), pursuant to the *qui tam* provisions of the False

Claims Act, 31 U.S.C. § 3730(b), and false claims provisions enacted in each of the

plaintiff states.

      C.     The United States contends that Amedisys submitted or caused to be

submitted claims for payment to the Medicare Program (Medicare), Title XVIII of the

Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1.

      D.     1. The United States contends that it has certain civil claims arising from

the Amedisys care centers identified in Exhibit A improperly billing and failing to refund

overpayments for Medicare home health care services that Amedisys: (a) provided to

non-homebound patients, (b) provided to patients lacking a need for skilled nursing

and/or skilled therapy services, (c) provided to patients without regard to medical

necessity, and (d) overbilled by upcoding patients' diagnoses, during the period from

January 1, 2008 through December 31, 2010. That conduct is referred to below as the

"Primary Covered Conduct."

      2. The United States further contends that it has certain civil claims

arising from Amedisys's billings to the Medicare program, during the period from April

1, 2008 through April 30, 2012, in violation of the Anti-Kickback Statute, 42 U.S.C.

§ 1320a-7b, and the Stark Law, 42 U.S.C. § 1395nn, for home health services referred by

Georgia Cancer Specialists I, PC while Amedisys was providing Georgia Cancer
Specialists I, PC remuneration that was not consistent with fair market value in the form
of patient care coordination services performed by Amedisys employees. That conduct
is referred to below as the "Secondary Covered Conduct."

        3. Collectively, the conduct referenced in Paragraphs I.D.1 through I.D.2
is referred to as the "Covered Conduct."

    E.     This Agreement is neither an admission of liability by Amedisys nor a
concession by the United States or the Relators that their claims are not well founded.
Amedisys expressly denies the allegations of the United States and the Relators as set
forth herein and in the Civil Actions.

    F.     Relators and/or their counsel claim entitlement under 31 U.S.C. § 3730(d)
to a share of the proceeds of this Agreement and to Relators' reasonable expenses,
attorneys' fees, and costs. Relator Shelby L. Umberhandt has a claim against Amedisys
under 31 U.S.C. § 3730(h).

    G.     To avoid the delay, uncertainty, inconvenience, and expense of protracted
litigation of the above claims, and in consideration of the mutual promises and
obligations of this Agreement, the Parties agree and covenant as follows:

### II. TERMS AND CONDITIONS

    1.     A. In total, Amedisys agrees to pay the United States the principal sum of
$150,000,000.00 (150 million dollars), plus interest accruing thereon from October 4,
2013, at a rate of 2.25 percent per annum (collectively, the principal and interest are the
"Settlement Amount"), such amount to be paid in two (2) installments as set forth in
Paragraphs 1.B and C.

5

      B. Amedisys will make a payment to the United States in the amount of $115,000,000.00 (115 million dollars), plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, within seven (7) business days after the Effective Date of this Agreement, pursuant to written instructions to be provided by the United States.

      C. Not later than six (6) months after the Effective Date of this Agreement, Amedisys will pay the remaining $35,000,000 (35 million dollars), plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, pursuant to written instructions to be provided by the United States.

    2.     A. Conditioned upon the United States receiving from Amedisys the payment set forth in Paragraph II.1.B, and as soon as feasible after receipt, the United States shall pay the following by electronic funds transfer:

      1. $5,032,696.46, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to April Nicole Brown;

      2. $14,330,584.86, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to CAF Partners (collectively);

      3. $159,743.32, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to Shelby L. Umberhandt;

      4. $358,680.76, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to Natalie Raven; and

      5. $358,680.75, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to Christy Curtis.

6

B. Conditioned upon the United States receiving from Amedisys the payment set forth in Paragraph II.1.C, and as soon as feasible after receipt, the United States shall pay the following by electronic funds transfer:

1. $ 1,531,690.23, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to April Nicole Brown;

2. $4,361,482.35, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to CAF Partners (collectively);

3. $48,617.53, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to Shelby L. Umberhandt;

4. $109,163.71, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to Natalie Raven; and

5. $109,163.71, plus interest accruing thereon from October 4, 2013, at a rate of 2.25 percent per annum, to Christy Curtis.

C. Amedisys agrees to pay Relators and Relators' counsel in full satisfaction of their claims for expenses, attorneys' fees, and costs under 31 U.S.C. § 3730(d) and Relator Shelby L. Umberhandt's claim under 31 U.S.C. § 3730(h), pursuant to separate written agreements, no later than ten (10) business days after the Effective Date of this Agreement, by electronic funds transfer pursuant to written instructions to be provided by Relators' counsel. No other payments shall be made by Amedisys to Relators or Relators' counsel with respect to the matters covered by this Agreement. Relator CAF Partners (including all individual partners of or other individuals associated with CAF Partners, each of whom individually and collectively agrees to this Agreement) represents and warrants that it has assigned and transferred all

7

claims for expenses, attorneys' fees, and costs to its counsel, Kenney & McCafferty,

Durrell Law Office, and Thomas & Associates. Relator Charles H. Lewis, Jr. represents

and warrants that he has assigned and transferred all claims for expenses, attorneys'

fees, and costs to his counsel, Mueller Law, LLC and Seiger Gfeller Laurie, LLP.

Relator April Nicole Brown represents and warrants that she has assigned and

transferred all claims for expenses, attorneys' fees, and costs to her counsel, Frohsin &

Barger, LLC.  Relators Margaret Ognen and Malcom Dulock, MD, represent and

warrant that they have assigned and transferred all claims for expenses, attorneys' fees,

and costs to their counsel, Gorby Peters & Associates, LLC.  Those claims are included

in the claims being resolved through the separate written agreements referenced in this

paragraph.

      3.     A. Subject to the exceptions in Paragraph II.6 (concerning excluded

claims), and conditioned upon Amedisys's full payment of the Settlement Amount, the

United States releases Amedisys, together with its current and former parent

corporations; direct and indirect subsidiaries; brother and sister corporations; divisions;

affiliates; current and former owners; current and former officers, directors, and

employees; and the successors and assigns of any of them, from any civil or

administrative monetary claim the United States has for the Primary Covered Conduct

under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law,

42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812;

any other statute creating causes of action for civil damages or civil penalties for which

the Civil Division of the Department of Justice has actual and present authority to assert

and compromise pursuant to 28 C.F.R. Part 0, Subpart I, Section 0.45(d); or the common

law theories of payment by mistake, unjust enrichment, fraud, disgorgement, conversion, and misrepresentation.

B.  Subject to the exceptions in Paragraph II.6 (concerning excluded claims), and conditioned upon Amedisys's full payment of the Settlement Amount, the United States releases Amedisys, together with its current and former parent corporations; direct and indirect subsidiaries; brother and sister corporations; divisions; affiliates; current and former owners; current and former officers, directors, and employees; and the successors and assigns of any of them, from any civil or administrative monetary claim the United States has for the Secondary Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Stark Law, 42 U.S.C. § 1395nn(g)(3); any other statute creating causes of action for civil damages or civil penalties for which the Civil Division of the Department of Justice has actual and present authority to assert and compromise pursuant to 28 C.F.R. Part 0, Subpart I, Section 0.45(d); or the common law theories of payment by mistake, unjust enrichment, fraud, disgorgement, conversion, and misrepresentation.

4.      A.  In consideration of the obligations of Amedisys in this Agreement, and conditioned upon Amedisys's full payment of the Settlement Amount, and full payment of the amounts identified in the separate agreements referenced in Paragraph II.2.C. above for claims under 31 U.S.C. § 3730(d) or (h), Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release Amedisys, its predecessors, and its current and former divisions, parents, affiliates, subsidiaries, successors, and assigns, and their current and former directors, officers, and employees ("Amedisys Parties")

9

from any claims or allegations that Relators asserted or could have asserted, arising from the Covered Conduct and from all liability, claims, demands, actions, or causes of action whatsoever, whether known or unknown, fixed or contingent, in law or in equity, in contract or in tort, under any federal or state statute or regulation, or in common law, that Relators would have standing to bring in any capacity as of the Effective Date of this Agreement ("Relators' Claims"). Relators represent and warrant that, with the exception of those claims discussed in Paragraph II.2.C for expenses, attorneys' fees, and costs that have been assigned and transferred to Relators' counsel, Relators have not assigned or transferred any of Relators' Claims to any person, entity, or thing, and Relators covenant and agree not to assert or pursue any of Relators' Claims in any way. Relators acknowledge that they may later discover facts different from or in addition to those which they or their attorneys now know or believe to be true. It is the intention of Relators to fully, finally, and forever settle and release all claims included in the releases set forth herein. The releases provided herein shall remain in effect notwithstanding the discovery or existence of any additional or different facts or the occurrence of any future events, circumstances or conditions. Relators expressly waive any and all provisions, rights, or benefits conferred by California Civil Code Section 1542 and by any law of any state or territory in the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Relators' Claims that are released include but are not limited to any claims by Relators, Relators' counsel,

or the heirs, successors, attorneys, agents, or assigns of any of them against any

Amedisys Parties arising from the filing of the Civil Actions or the negotiation of this

Agreement or the agreements referenced in Paragraph II.2.C above, under 31 U.S.C. §

3730(d) or (h) for expenses, attorneys' fees, and costs.  Relators and Relators' counsel

expressly reserve any claims against non-Amedisys Parties, and any defenses related to

any claims brought by non-Amedisys Parties.

         B.  Relators and their counsel further agree not to disseminate any

documents (whether in hardcopy or electronic format) in their possession or control that

can be readily identified as having been created in whole or in part by, or at the direction

of, Amedisys, its predecessors, or its current or former divisions, parents, affiliates,

subsidiaries, successors, or assigns, or their current or former directors, officers, or

employees ("Amedisys Documents").  In this regard, Relators and their counsel will

make a good faith effort to identify all such Amedisys Documents.  The obligations in

this subparagraph do not apply: (1) to the extent that compliance with the obligations

would conflict with a statute or regulation; (2) if disclosure of Amedisys Documents or

information related thereto is required by a subpoena or court order; (3) in the case of

any Relator who is a current employee of Amedisys, but only to the degree they are

authorized by Amedisys to utilize business records as necessary within the scope of their

current employment; (4) to the extent Amedisys Documents are available in the public

domain; (5) to the extent Amedisys Documents or information related thereto are

requested by or provided to any governmental entity, agency, or representative, or any

agent or contractor acting on behalf of a governmental entity; (6) to the extent Relators

Natalie Raven and Christy Curtis or their counsel utilize documents in connection with

11

the case of *United States ex rel. Natalie Raven and Christy Curtis, State of Georgia ex rel. Natalie Raven and Christy Curtis v. Amedisys, Inc., et al.*, Civil Action Number 1 11-CV-0994 (UNDER SEAL); or (7) to the extent Relators Margaret Ognen and Malcolm Dulock, MD or their counsel utilize documents in connection with the case of *United States ex rel. Margaret Ognen and Malcolm Dulock, MD v. Amedisys, Inc., Amedisys Georgia, LLC, Amedisys Holding, LLC, Amedisys Hospice, LLC, Amedisys Northwest, LLC,* Civil Action Number 1 11-CV-2421 (UNDER SEAL), as amended or re-filed, or in any state, federal or administrative action that relates to the factual allegations contained therein.

C. Paragraph II.4 shall not in any way prevent Relators from disclosing any information or providing any advice or assistance to any governmental agency or entity, representative, agent, or contractor.

5. A. In consideration of the obligations of Amedisys in this Agreement and the Corporate Integrity Agreement (CIA), entered into between OIG-HHS and Amedisys, and conditioned upon Amedisys's full payment of the Settlement Amount, OIG-HHS agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against Amedisys, including any of the Amedisys care centers identified in Exhibit A, under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except as reserved in Paragraph II.6 (concerning excluded claims), below, and as reserved in this Paragraph. OIG-HHS expressly reserves all rights to comply with any statutory obligations to

exclude Amedisys from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct. Nothing in this Paragraph precludes OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph II.6.

           B. Notwithstanding the foregoing, in the event Amedisys fails to pay any amount as provided in Paragraph II.1 within seven (7) business days of the date upon which such payment is due, Amedisys shall be in Default of its payment obligations ("Default"). In the event of Default, OIG-HHS may exclude Amedisys from participating in all Federal health care programs until Amedisys pays the Settlement Amount as set forth in Paragraph II.1 and reasonable costs. Prior to any such exclusion, OIG-HHS will provide written notice of Default to Amedisys, and Amedisys shall be given five (5) business days to cure the Default. If Amedisys fails to cure the Default within five (5) business days of receiving written notice of Default from OIG-HHS, then OIG-HHS will provide written notice of any such exclusion to Amedisys, and Amedisys waives any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agrees not to contest such exclusion either administratively or in any state or federal court. Reinstatement to program participation is not automatic. If at the end of the period of exclusion Amedisys wishes to apply for reinstatement, Amedisys must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-3005. Amedisys will not be reinstated unless and until OIG-HHS approves such request for reinstatement.

6.    Notwithstanding the releases given in Paragraphs II.3 and II.4 of this
Agreement, or any other term of this Agreement, the following claims of the United
States are specifically reserved and are not released:

>    a.    Any liability arising under Title 26, U.S. Code (Internal Revenue
>          Code);
>
>    b.    Any criminal liability;
>
>    c.    Except as explicitly stated in this Agreement, any administrative
>          liability, including mandatory exclusion from Federal health care
>          programs;
>
>    d.    Any liability to the United States (or its agencies) for any conduct
>          other than the Covered Conduct;
>
>    e.    Any liability based upon obligations created by this Agreement;
>
>    f.    Any liability for failure to deliver goods or services due; and
>
>    g.    Any liability for personal injury or property damage or for other
>          consequential damages arising from the Covered Conduct.

7.    Relators and their heirs, successors, attorneys, agents, and assigns shall not
object to this Agreement but agree and confirm that the Agreement is fair, adequate, and
reasonable under all the circumstances, and expressly waive the opportunity for a hearing
on any objections to the Agreement pursuant to 31 U.S.C. § 3730(c)(2)(B).  Conditioned
upon receipt of the payments described in Paragraphs II.2.A and II.2.B by April Nicole
Brown, CAF Partners, Shelby L. Umberhandt, Natalie Raven, and Christy Curtis,
Relators and their heirs, successors, attorneys, agents, and assigns fully and finally
release, waive, and forever discharge the United States, its agencies, officers, agents,

employees, and servants, from any claims arising from the filing in the Civil Actions of the claims being dismissed pursuant to Paragraph II.15.A or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the claims in the Civil Actions being dismissed pursuant to Paragraph II.15.A.

8.      Amedisys waives and shall not assert any defenses Amedisys may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

9.      A. Amedisys fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Amedisys has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

B. In consideration of Relators' obligations set forth in this Agreement, Amedisys, its predecessors, and its current and former divisions, parents, affiliates, subsidiaries, successors, and assigns, and their current and former directors, officers, and employees when acting on behalf of Amedisys (collectively "the Amedisys Entities"),

15

fully and finally release, waive, and forever discharge each of the Relators and their respective heirs, individual partners, successors, attorneys, agents, and assigns, individually and collectively, from any claims or allegations that the Amedisys Entities asserted or could have asserted, arising from the Covered Conduct and from all liability, claims, demands, actions, or causes of action whatsoever, whether known or unknown, fixed or contingent, in law or in equity, in contract or in tort, under any federal or state statute or regulation, or in common law, that the Amedisys Entities would have standing to bring as of the Effective Date of this Agreement. The Amedisys Entities acknowledge that they may later discover facts different from or in addition to those which they or their attorneys now know or believe to be true. It is the intention of the Amedisys Entities to fully, finally, and forever settle and release all claims included in the releases set forth herein. The releases provided herein shall remain in effect notwithstanding the discovery or existence of any additional or different facts or the occurrence of any future events, circumstances or conditions. Regarding any claims Relators or Relators' counsel may have against non-Amedisys Parties, as reserved in Paragraph II.4.A, Amedisys reserves any related claims and defenses.

10. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (*e.g.*, Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payor, related to the Covered Conduct; and Amedisys agrees not to resubmit to any Medicare contractor or any state payor any previously denied claims related to the Covered Conduct, and agrees not to appeal any such denials of claims.

11. Amedisys agrees to the following:

16

a.    Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Amedisys, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1)    the matters covered by this Agreement;

(2)    the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3)    Amedisys's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4)    the negotiation and performance of this Agreement;

(5)    the payment Amedisys makes to the United States pursuant to this Agreement and any payments that Amedisys may make to Relators, including costs and attorney's fees; and

(6)    the negotiation of, and obligations undertaken pursuant to the CIA to:

(i)    retain an independent review organization to perform reviews as described in the CIA; and

(ii)    prepare and submit reports to the OIG-HHS

17

are unallowable costs for government contracting purposes and under the Medicare

Program, Medicaid Program, TRICARE Program, and Federal Employees Health

Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs). However,

nothing in Paragraph II.11.a.(6) that may apply to the obligations undertaken pursuant to

the CIA affects the status of costs that are not allowable based on any other authority

applicable to Amedisys.

            b.     Future Treatment of Unallowable Costs:  Unallowable Costs shall

be separately determined and accounted for in nonreimbursable cost centers by

Amedisys, and Amedisys shall not charge such Unallowable Costs directly or indirectly

to any contracts with the United States or any State Medicaid program, or seek payment

for such Unallowable Costs through any cost report, cost statement, information

statement, or payment request submitted by Amedisys or any of its subsidiaries or

affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

            c.     Treatment of Unallowable Costs Previously Submitted for

Payment: Amedisys further agrees that within 90 days of the Effective Date of this

Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries,

carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable

Costs (as defined in this Paragraph) included in payments previously sought from the

United States, or any State Medicaid program, including, but not limited to, payments

sought in any cost reports, cost statements, information reports, or payment requests

already submitted by Amedisys or any of its subsidiaries or affiliates, and shall request,

and agree, that such cost reports, cost statements, information reports, or payment

requests, even if already settled, be adjusted to account for the effect of the inclusion of

18

the Unallowable Costs. Amedisys agrees that the United States, at a minimum, shall be entitled to recoup from Amedisys any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Amedisys or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Amedisys or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

d.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Amedisys's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

12.     This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph II.13 (concerning waivers for beneficiaries).

13.     Amedisys agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

14.     Amedisys warrants that it has reviewed its financial situation and that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I),

and shall remain solvent following payment to the United States of the Settlement

Amount. Further, the Parties warrant that, in evaluating whether to execute this

Agreement, they (a) have intended that the mutual promises, covenants, and obligations

set forth constitute a contemporaneous exchange for new value given to Amedisys,

within the meaning of 11 U.S.C. § 547(c)(1), and (b) conclude that these mutual

promises, covenants, and obligations do, in fact, constitute such a contemporaneous

exchange. Further, the Parties warrant that the mutual promises, covenants, and

obligations set forth herein are intended to and do, in fact, represent a reasonably

equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to

which Amedisys was or became indebted to on or after the date of this transfer, within

the meaning of 11 U.S.C. § 548(a)(1).

     15.    A. Upon receipt of the payments described in Paragraphs II.1 and II.2.C,

above, the United States and Relators shall promptly sign and file in the Civil Actions

Joint Stipulations dismissing all claims against Amedisys, Inc.; Amedisys Holding, LLC;

Amedisys Home Health, Inc. of Alabama; Amedisys Georgia, LLC; Amedisys Hospice,

LLC; and Amedisys Northwest, LLC, as follows:

        a.   the Stipulations of Dismissal shall be with prejudice as to the Relators'
           claims in the Civil Actions, pursuant to and consistent with the terms
           and conditions of this Agreement;

        b.   the Stipulations of Dismissal shall be with prejudice as to the United
           States' claims as to the Covered Conduct, pursuant to and consistent
           with the terms and conditions of this Agreement; and

      c.  the Stipulations of Dismissal shall be without prejudice as to the United States as to all claims not for the Covered Conduct, pursuant to and consistent with the terms and conditions of this Agreement.

16.    Except for Relators' claims for expenses, attorneys' fees, and costs under 31 U.S.C. § 3730(d) and (h), which are being resolved pursuant to separate written agreements as provided in Paragraph II.2.C above, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

17.    Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

18.    This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Eastern District of Pennsylvania, except for any dispute related to *United States ex rel. Natalie Raven and Christy Curtis, State of Georgia ex rel. Natalie Raven and Christy Curtis v. Amedisys, Inc., et al.*, Civil Action Number 1 11-CV-0994 (UNDER SEAL), for which the exclusive jurisdiction and venue is the United States District Court for the Northern District of Georgia. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

19.    This Agreement constitutes the complete agreement between the Parties, except as to: (a) the separate agreements referenced in Paragraph II.2.C above; and (b) any separate agreement(s) entered into by and among certain Relators regarding Relators'

redistribution of the United States' payments pursuant to 31 U.S.C. § 3730(d).  This Agreement may not be amended except by written consent of the Parties.

20.      The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

21.      This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

22.      This Agreement is binding on Amedisys's successors, transferees, heirs, and assigns.

23.      This Agreement is binding on Relators' successors, transferees, heirs, and assigns.

24.      All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

25.      This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement).  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

22

THE UNITED STATES OF AMERICA

DATED: 042314        BY: _____

Lisa Katz Samuels
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: 4|23|14        BY: _____

Bradley Brinkman
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice

23

DATED: 4/23/14          BY: _____
                             Zane David Memeger
                             United States Attorney

DATED: 4/23/14          BY: _____
                             Margaret L. Hutchison
                             Assistant United States Attorney
                             Chief, Civil Division

DATED: 4/23/14          BY: _____
                             Gregory B. David
                             Assistant United States Attorneys

DATED: 4/23/14          BY: _____
                             Eric D. Gill
                             Assistant United States Attorneys

24

DATED: 4/23/14          BY: _____

Christopher J. Huber
Assistant United States Attorney
Northern District of Georgia

25

DATED: 4/22/14      BY: _Robert K. DeConti_

Robert K. DeConti
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human
Services

**DEFENDANTS**

DATED: _4-22-14_  BY: _____
Ronald A. LaBorde
Amedisys, Inc.
Title: Interim Chief Executive Officer and President

DATED: _4-22-14_  BY: _____
Ronald A. LaBorde
Amedisys Holding, LLC
Title: Interim Chief Executive Officer and President

DATED: _4-22-14_ BY: _____
Paul B. Murphy, Esq.
Richard L. Shackelford, Esq.
Matthew H. Baughman, Esq.
King & Spalding LLP

27

**RELATORS**

DATED: 4/21/14 BY: _____
April Nicole Brown

DATED: 4/21/14 BY: _____
Henry I. Frohsin, Esq.
James F. Barger, Jr., Esq.
J. Elliott Walthall, Esq.
Frohsin & Barger, LLC
Counsel for April Nicole Brown

28

DATED: 4·22·14· BY: _Diane Schulman Davidow_

CAF Partners

By: Diane Schulman Davidow

DATED: 4·22·14 BY: _[signature]_

M. Tavy Deming, Esq.

Emily C. Lambert, Esq.

Kenney & McCafferty

Counsel for CAF Partners

DATED: 4·22·14 BY: _Suzanne E. Durrell_

Suzanne E. Durrell, Esq.

Durrell Law Office

Counsel for CAF Partners

DATED: 4·22·14 BY: _[signature]_

Robert M. Thomas, Esq.

Thomas & Associates

Counsel for CAF Partners

DATED: 4-22-14 BY: _____
                      Diane Schulman Davidow


DATED: 4 22 14 BY: _____
                      M. Tavy Deming, Esq.
                      Emily C. Lambert, Esq
                      Kenney & McCafferty
                      Counsel for Diane Schulman Davidow


DATED: 4.22.14  BY: _____
                      Suzanne E. Durrell, Esq.
                      Durrell Law Office
                      Counsel for Diane Schulman Davidow


DATED: 4.22.14 BY: _____
                      Robert M. Thomas, Esq.
                      Thomas & Associates
                      Counsel for Diane Schulman Davidow

30

DATED April 22 2014 BY: _____
Jock Ferguson

DATED 4·22·14 BY _____
M. Tavy Deming, Esq
Emily C. Lambert, Esq.
Kenney & McCafferty
Counsel for Jock Ferguson

DATED 4.22.14 BY _____
Suzanne E. Durrell, Esq
Durrell Law Office
Counsel for Jock Ferguson

DATED 4-22-14 BY _____
Robert M. Thomas, Esq
Thomas & Associates
Counsel for Jock Ferguson

31

DATED: 4/22/14 BY: _____
Annette Arvie

DATED: 4·22·14 BY: _____
M, Tavy Deming, Esq.
Emily C. Lambert, Esq.
Kenney & McCafferty
Counsel for Annette Arvie

DATED: 4·22·14 BY: _____
Suzanne E. Durrell, Esq.
Durrell Law Office
Counsel for Annette Arvie

DATED: 4/22/14 BY: _____
Robert M. Thomas, Esq.
Thomas & Associates
Counsel for Annette Arvie

32

DATED: 4/22/14 BY: _____
Thomas A. Fisher

DATED: 4.22.14 BY: _____
M. Tavy Deming, Esq.
Emily C. Lambert, Esq.
Kenney & McCafferty
Counsel for Thomas A. Fisher

DATED: 4.22.14 BY: _____
Suzanne E. Durrell, Esq.
Durrell Law Office
Counsel for Thomas A. Fisher

DATED: 4/22/14 BY: _____
Robert M. Thomas, Esq.
Thomas & Associates
Counsel for Thomas A. Fisher

33

DATED: 4/22/14 BY: _____
                          Cynthia M. Dauner


DATED: 4.22.14 BY: _____
                          M. Tavy Deming, Esq.
                          Emily C. Lambert, Esq.
                          Kenney & McCafferty
                          Counsel for Cynthia M. Dauner


DATED: 4.22.14 BY: _____
                          Suzanne E. Durrell, Esq.
                          Durrell Law Office
                          Counsel for Cynthia M. Dauner


DATED: 4/22/14 BY: _____
                          Robert M. Thomas, Esq.
                          Thomas & Associates
                          Counsel for Cynthia M. Dauner


34

DATED: 4/22/14 BY: _____
Eric D. Fader

DATED: 4.22.14 BY: _____
M. Tavy Deming, Esq.
Emily C. Lambert, Esq.
Kenney & McCafferty
Counsel for Eric D. Fader

DATED: 4.22.14 BY: _____
Suzanne E. Durrell, Esq.
Durrell Law Office
Counsel for Eric D. Fader

DATED: 4/22/14 BY: _____
Robert M. Thomas, Esq.
Thomas & Associates
Counsel for Eric D. Fader

35

DATED: 4/21/2014 BY: Shelby Umberhandt
Shelby L. Umberhandt

DATED: 4/21/14 BY: _____
Kevin A. Doyle, Esq.
Lokey, Mobley & Doyle LLP
Counsel for Shelby L. Umberhandt

36

DATED _4/22/14_ BY: _Natalie Raven_
Natalie Raven

DATED: _____ BY: _____
Louis J. Cohen, Esq.
Louis J. Cohen, P.C.
Counsel for Natalie Raven

DATED: _____ BY: _____
G. Mark Simpson, Esq.
Simpson Law Firm, LLC
Counsel for Natalie Raven

DATED: _____BY: _____
                             Natalie Raven

DATED: 4/21/14 BY: _____
                             Louis J. Cohen, Esq.
                             Louis J. Cohen, P.C.
                             Counsel for Natalie Raven

DATED: _____BY: _____
                             G. Mark Simpson, Esq.
                             Simpson Law Firm, LLC
                             Counsel for Natalie Raven

37

DATED. _____ BY: _____ ____ _____
                                     Natalie Raven


DATED _____ BY: _____
                                     Louis J. Cohen, Esq.
                                     Louis J. Cohen, P.C.
                                     Counsel for Natalie Raven

DATED 7-11-14 BY: _____
                                     G. Mark Simpson, Esq.
                                     Simpson Law Firm, LLC
                                     Counsel for Natalie Raven

DATED: 4/22/14   BY: _____
                      Christy Curtis

DATED: _____   BY: _____
                      Louis J. Cohen, Esq.
                      Louis J. Cohen, P.C.
                      Counsel for Christy Curtis

DATED: _____   BY: _____
                      G. Mark Simpson, Esq.
                      Simpson Law Firm, LLC
                      Counsel for Christy Curtis

38

DATED: _____ BY: _____
                              Christy Curtis

DATED: 4/21/14 BY: _____
                              Louis J. Cohen, Esq.
                              Louis J. Cohen, P.C.
                              Counsel for Christy Curtis

DATED: _____ BY: _____
                              G. Mark Simpson, Esq.
                              Simpson Law Firm, LLC
                              Counsel for Christy Curtis

DATED: _____ BY: _____
                                   Christy Curtis


DATED: _____ BY: _____
                                   Louis J. Cohen, Esq.
                                   Louis J. Cohen, P.C.
                                   Counsel for Christy Curtis


DATED: _____ BY: _____
                                   G. Mark Simpson, Esq.
                                   Simpson Law Firm, LLC
                                   Counsel for Christy Curtis

DATED: _4-22-14_ BY: _Ellen Maffit_
Ellen Maffit

DATED: _____ BY: _____

G. Mark Simpson, Esq.
Simpson Law Firm, LLC
Counsel for Ellen Maffit

DATED: _____ BY: _____
                              Ellen Maffit

DATED: 4/22/14 BY: _____
                              G. Mark Simpson, Esq.
                              Simpson Law Firm, LLC
                              Counsel for Ellen Maffit

39

DATED: _____ BY: _____
                          Brion Frix


DATED: _____ BY: _____
                          G. Mark Simpson, Esq.
                          Simpson Law Firm, LLC
                          Counsel for Brion Frix

40

DATED: _____ BY: _____
                                    Brion Frix

DATED: 4/22/14 BY: _____
                                    G. Mark Simpson, Esq.
                                    Simpson Law Firm, LLC
                                    Counsel for Brion Frix

40

DATED: _____ BY: _____
                              Margaret Ognen

DATED: _4/21/14_ BY: _____
                              Mary Donne Peters, Esq.
                              Gorby Peters & Associates, LLC
                              Counsel for Margaret Ognen

41

DATED: BY: _Margaret Ogn_

Margaret Ognen

DATED: BY: _4/21/14_____

Mary Donne Peters, Esq.
Gorby Peters & Associates, LLC
Counsel for Margaret Ognen

DATED: 4/21/14 BY: _____

                               Malcolm Dulock, MD


DATED: _____ BY: _____

                               Mary Donne Peters, Esq.
                               Gorby Peters & Associates, LLC
                               Counsel for Malcolm Dulock, MD

42

DATED: _____ BY: _____
                              Malcolm Dulock, MD


DATED: 4/21/14 BY: _____
                              Mary Donne Peters, Esq.
                              Gorby Peters & Associates, LLC
                              Counsel for Malcolm Dulock, MD

42

DATED: 4-22-14 BY: _____

Charles H. Lewis, Jr.


DATED: 4-22-14 BY: _____

William L. Hurlock, Esq.
Mueller Law LLC
Seiger Gfeller Laurie, LLP
Counsel for Charles H. Lewis, Jr.

43

**EXHIBIT A**

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Ozark | 123 S Painter Avenue, Suite C | Ozark | AL | 36360-1802 | 01-7159 | 1030 |
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Tuscaloosa | 1300 McFarland Blvd., NE Suite 320 | Tuscaloosa | AL | 35406-2282 | 01-7300 | 1009 |
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Fayette | 1616 Temple Ave. N | Fayette | AL | 35555-1319 | 01-7300 | 1015 |
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Brent | 10341 Hwy 5, Suite E | Brent | AL | 35034-3917 | 01-7300 | 1022 |
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Gadsden | 400 West Meighan Boulevard, Suite 200 | Gadsden | AL | 35901-3214 | 01-7305 | 1021 |

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Anniston | 171 Town Center Drive, MPS-4 | Anniston | AL | 36205-4101 | 01-7305 | 1012 |
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Sylacauga | 395 James Payton Boulevard | Sylacauga | AL | 35150-8064 | 01-7305 | 1032 |
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Roanoke | 935 Highway 431, Unit 4 | Roanoke | AL | 36274-1736 | 01-7305 | 1033 |
| Tender Loving Care Health Care Services of Florida, L.L.C. d/b/a Amedisys Home Health | 751 Oak Street, Suite 301 | Jacksonville | FL | 32204-3376 | 10-3102 | 0467 |
| Amedisys Florida, LLC d/b/a Amedisys Home Health | 808 Oakfield Drive | Brandon | FL | 33511-4949 | 10-7007 | 0412 |
| Housecall Home Health, LLC d/b/a Amedisys Home Health | 700 Zeagler Dr., Suite 10 | Palatka | FL | 32177-3826 | 10-8056 | 5466 |
| Housecall Home Health, LLC d/b/a Amedisys Home Health | 9200 NW 39th Avenue, Suite 190 | Gainesville | FL | 32606-7368 | 10-8056 | 5468 |

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Housecall Home Health, LLC d/b/a Amedisys Home Health | 461 SW Main Blvd. | Lake City | FL | 32025-5268 | 10-8056 | 5478 |
| Housecall Home Health, LLC d/b/a Amedisys Home Health | 1541 SW 1st Avenue, Suite 102 | Ocala | FL | 34471-6506 | 10-8056 | 5439 |
| Housecall Home Health, Inc. d/b/a Amedisys of North Central Florida | 109 NW 3rd Avenue | Chiefland | FL | 32626-0841 | 10-8056 | 5476 |
| Amedisys Georgia, L.L.C. d/b/a Coosa Valley Home Health, an Amedisys Company | 160 Three Rivers Drive, NE, Suite 1100 | Rome | GA | 30161-2306 | 11-7041 | 3320 |
| Amedisys Georgia, L.L.C. d/b/a Coosa Valley Home Health, an Amedisys Company | 12 Felton Place, Suite E | Cartersville | GA | 30120-2165 | 11-7041 | 3322 |
| Amedisys Georgia, L.L.C. d/b/a Coosa Valley Home Health, an Amedisys Company | 401 N. Main Street | Cedartown | GA | 30125-2643 | 11-7041 | 3321 |

46

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Amedisys Georgia, L.L.C. d/b/a Amedisys Home Health of Covington | 4162 Baker Street NE | Covington | GA | 30014-1404 | 11-7065 | 3302 |
| Amedisys Georgia, L.L.C. d/b/a Amedisys Home Health of Madison | 500 Great Oaks Drive, Suite 3 | Monroe | GA | 30655-8228 | 11-7065 | 3337 |
| Amedisys Georgia, L.L.C. d/b/a Amedisys Home Health of Athens | 1061 Dowdy Road, Suite 205 | Athens | GA | 30606-5700 | 11-7065 | 3362 |
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Citronelle | 19375 N. 3rd St, Ste 101 | Citronelle | AL | 36522-2048 | 01-7070 | 1006 |
| Amedisys Home Health, Inc. of Alabama d/b/a Amedisys Home Health of Citronelle | 19375 Third Street North, Suite 101 | Citronelle | AL | 35901-2048 | 01-7070 | 1025 |
| Amedisys Louisiana, LLC d/b/a Amedisys Home Health | 1201 Camellia Blvd., Suite 201 | Lafayette | LA | 70508-7228 | 19-7263 | 1253 |
| Amedisys Louisiana, LLC d/b/a Amedisys Home Health | 2341 Larkspur Lane, Suite 3 | Opelousas | LA | 70570-8664 | 19-7263 | 1292 |

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Amedisys Mississippi, LLC d/b/a Amedisys Home Health of Collins | 18 Melody Lane | Collins | MS | 39428-9002 | 25-7087 | 1407 |
| Amedisys Mississippi, LLC d/b/a Amedisys Home Health of Laurel | 512 North 13th Ave | Laurel | MS | 39440-3825 | 25-7087 | 1410 |
| Amedisys Mississippi, LLC d/b/a Amedisys Home Health of Hattiesburg | 6184 US Highway 98 West, Suite 130 | Hattiesburg | MS | 39402-8530 | 25-7087 | 1409 |
| Amedisys Mississippi, LLC d/b/a Amedisys Home Health of Magee | 104 1st Avenue, SE | Magee | MS | 39111-3516 | 25-7087 | 1416 |
| Amedisys Oklahoma, LLC d/b/a Amedisys Home Health | 14201 Caliber Drive, Suite 110 | Oklahoma City | OK | 73134-1027 | 37-7642 | 2038 |
| Amedisys Oklahoma, LLC d/b/a Amedisys Home Health | 404 West Main St | Stroud | OK | 74079-3614 | 37-7642 | 2043 |
| Amedisys Oklahoma, LLC d/b/a Amedisys Home Health | 2209 Boren Boulevard | Seminole | OK | 74868-1927 | 37-7642 | 2042 |
| Amedisys Oklahoma, LLC d/b/a Amedisys Home Health | 427 E. Cherokee Ave, Suite 3 | Enid | OK | 73701-5823 | 37-7642 | 2040 |

48

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Amedisys Oklahoma, LLC d/b/a Amedisys Home Health | 1609 N. Strong Blvd, Suite 200 | McAlester | OK | 74501-3881 | 37-7642 | 2041 |
| Amedisys Oklahoma, LLC d/b/a Amedisys Home Health | 424 S. Mustang Road, Suite A | Yukon | OK | 73099-7315 | 37-7642 | 2039 |
| Amedisys Oklahoma, LLC d/b/a Amedisys Home Health | 1212 Merrick Dr. | Ardmore | OK | 73401-1824 | 37-7642 | 2044 |
| Amedisys Pennsylvania, L.L.C. d/b/a Amedisys Home Health | 620 Freedom Business Center, Suite 100 | King of Prussia | PA | 19406-1330 | 39-7780 | 2623 |
| Amedisys Pennsylvania, L.L.C. d/b/a Amedisys Home Health 1605 N. Cedar Crest Blvd | 1605 N. Cedar Crest Blvd, Suite 509 | Allentown | PA | 18104-2355 | 39-7780 | 2625 |
| Amedisys SC, L.L.C. d/b/a Amedisys Home Health of Lexington | 714 South Lake Drive. Suite 250 | Lexington | SC | 29072-3433 | 42-7039 | 2211 |
| Amedisys SC, L.L.C. d/b/a Amedisys Home Health of Orangeburg | 1704 Village Park Drive | Orangeburg | SC | 29118-2401 | 42-7039 | 2213 |

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Amedisys SC, L.L.C. d/b/a Amedisys Home Health of Sumter | 3481 Declaration Blvd | Sumter | SC | 29154-8140 | 42-7039 | 2214 |
| Amedisys SC, L.L.C. d/b/a Amedisys Home Health of Newberry | 184 Commerce Dr. | Newberry | SC | 29108-2964 | 42-7039 | 2212 |
| Amedisys Home Health, Inc. of South Carolina d/b/a Amedisys Home Health of Greenville | 440 Roper Mountain Road, Suite G-1 | Greenville | SC | 29615-4235 | 42-7116 | 2223 |
| Amedisys Home Health, Inc. of South Carolina d/b/a Amedisys Home Health of Clinton | 210 Physicians Park Dr, Suite U | Clinton | SC | 29325-7563 | 42-7116 | 2204 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 100 Physicians Way, Suite 240 | Lebanon | TN | 37090-8108 | 44-7206 | 0507 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 230 Cumberland Bend, Suite D | Nashville | TN | 37228-1804 | 44-7206 | 0506 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 880 Greenlea Blvd, Suite A | Gallatin | TN | 37066-3282 | 44-7206 | 0508 |

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 2690 Madison Street, Suite 200 | Clarksville | TN | 37043-5498 | 44-7206 | 0532 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 437 Henslee Drive | Dickson | TN | 37055-2166 | 44-7206 | 0528 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 342 W. Central Avenue | Jamestown | TN | 38556-3407 | 44-7260 | 0530 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 508 West Main Street | Livingston | TN | 38570-1718 | 44-7260 | 0523 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 236 Miller Avenue, Suite 102 | Crossville | TN | 38555-4036 | 44-7260 | 0533 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 20039 Alberta St, Suite D | Oneida | TN | 37841-3501 | 44-7260 | 0531 |
| Amedisys Tennessee, LLC d/b/a Amedisys Home Health | 315 N. Washington Ave, Suite 255 | Cookeville | TN | 38501-2697 | 44-7260 | 0544 |
| HHC, Inc. d/b/a Amedisys Home Health Care | 6645 Stage Rd, Suite 102 | Bartlett | TN | 38134-3828 | 44-7451 | 5509 |
| Amedisys Home Health, Inc. of Virginia d/b/a Amedisys Home Health Care | 16009 Porterfield Highway | Abingdon | VA | 24210-8471 | 49-7566 | 1703 |

51

| Amedisys Care Center Name | Street Address | City | State | Zip Code | Medicare Provider Number | Amedisys Identifier |
|---|---|---|---|---|---|---|
| Amedisys Home Health, Inc. of Virginia d/b/a Amedisys Home Health of Duffield | 372 Technology Trail Lane, Suite 103 | Duffield | VA | 24244-5330 | 49-7566 | 1702 |
| Amedisys Home Health, Inc. of Virginia d/b/a Amedisys Home Health of Clintwood | 909 West Main Street, Suite B | Clintwood | VA | 24228-2130 | 49-7566 | 1709 |